IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 18 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

HADLEY

v.

MR OBERLANDER, et al.,

Civil Action No.: 1:22-cv-00212-RAL

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff HADLEY pursuant to Rules 15(a) and 19(a) Fed. R. Civ. P., requests leave to file an amended complaint.

1. The plaintiff wishes to add to his original complaint § 12.14 General Damages: Recovery for Physical Pain and Mental Anguish.

2. A plaintiff is entitled to recover general damages for past and future physical pain and mental suffering.¹ Corcoran v. McNeal, 400 Pa. 14, 161 A.2d 367 (1960)

3. Pain and suffering encompass a wide variety of damages, including the actual physical pain suffered by the plaintiff.,² Burgan v. City of Pittsburgh, 373 Pa. 608, 96 A.2d 889 (1953) mental anguish following from an injury,³ Potere v. City of Philadelphia, 380 Pa 581, 112 A.2d 100 (1955) Fish v. Gosnell, 316 PaSuper. 565, 463 A.2d 1042 (1983), humiliation stemming from the injury⁴ Lebeck v. William A. Jarvis Inc., 145 F.Supp. 706 (E.D. Pa 1956), disfigurement,⁵ Rogers v. Moody 430 Pa. 121 242 A.2d 276 (1968) Burgan v. City of Pittsburgh 373 Pa. 608, 96 A.2d 889 (1953)

4. There is no requirement that the plaintiff present expert testimony to establish pain and suffering, the court observed that although in general serious injury will result in pain, for which the plaintiff is entitled to be compensated

5. In general, therefore, where the plaintiff has demonstrated physical injury, the court should return an award for pain and suffering as part of it's verdict.

6. The law is clear that a courts award for pain and suffering should not reflect sympathy for the plaintiff but rather fair compensation for the injury which the plaintiff incurred.

7. Plaintiff Hadley also wishes to seek Damages in Tort Action.

8. The purpose of the law of torts is to provide compensation to an injured plaintiff which will, as nearly as possible, place the plaintiff in a position equivalent to that which exist before the tort was committed; (Denby v. North Side Carpet Cleaning Co. 257 PaSuper. 73, 390 A.2d 252 (1978)). Damages are intended to function as compensation, and compensation only. Thus compensatory damages are not intended to punish the defendant.

9. As a general rule, however, the plaintiff may be compensated for monies of which he has been deprived as a result of the defendant's misconduct, knowing of a possible injury could occure causing physical harm, including past and future loss of earnings or impairment of earning capacity, expenses for medical care, rehabilitation, physical pain and suffering, including the loss of life's work and pleasures.

10. There is a Suggested Standard in Pennsylvania, which advises the court as to the purpose of an award of damages, stating that it should represent an amount which the court believes "will fairly and adequately compensate the plaintiff for all of the physical and financial injury (he) has sustained as a result of the accident.

11. This Court should grant leave freely to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962)

DATE: August-15-2022

Respectfully Submitted

*Larry Hadley*
LARRY HADLEY QE4213
S.C.I Forest
P.O. Box 945
Marienville, PA. 16239